IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

U.S.A. FUND, LLLP and JOSEPH
STELLONE,                                              No. 03:11-CV-510-HZ

                           Plaintiffs,                 OPINION & ORDER

        v.

WEALTHBRIDGE MORTGAGE CORP.,

                           Defendant.


Peter H. Glade
Markowitz Herbold Glade & Mehlhaf, PC
1211 SW Fifth Avenue, Ste. 3000
Portland, OR 97204

Jerrold A. Thrope
Valerie L. Albrecht
Gordon Feinblatt Rothman Hoffberger
& Hollander, LLC


1 - OPINION & ORDER

233 East Redwood Street
Baltimore, MD 21201

>    Attorneys for Plaintiffs

Robert S. Simon
Robert S. Simon, PC
525 S.E. Marion Street, Ste. 3
P.O. Box 820035
Portland, OR 97282

Michael B. Gottlieb
Michael B. Gottlieb, PC
8630 SW Scholls Ferry Road, Ste. #302
Beaverton, OR 97008

>    Attorneys for Defendant

HERNANDEZ, District Judge:

Defendant Wealthbridge Mortgage Corporation moves to dismiss for failure to join a necessary party, and to dismiss claims one and two for failure to state a claim upon which relief can be granted. Plaintiffs U.S.A. Fund and Joseph Stellone have brought three claims against Defendant: (1) unjust enrichment – constructive trust, (2) transfer of trust property – constructive trust, and (3) money had and received. I deny the motion in part and grant the motion in part.

## BACKGROUND

Plaintiffs U.S.A. Fund and Stellone seek to recover $650,000 from Defendant Wealthbridge. Compl. at 8. Venn Capital Group Holdings, LLC and Defendant Wealthbridge entered into a stock purchase agreement on August 6, 2010. Id. at ¶6. Plaintiffs sought to invest in Venn and provided a total of $650,000 as a pre-closing advance. Id. at ¶10. The funds were to be used only as collateral and returned to Plaintiffs if Venn's stock purchase of Wealthbridge failed to close. Id. at ¶¶9, 11. The stock purchase failed to close and Plaintiffs asked Venn to

2 - OPINION & ORDER

return the $650,000.  Id. at ¶¶17-18.  However, Venn had improperly released the pre-closing

advance to Wealthbridge.  Id. at ¶16.  Venn has requested the return of the funds from

Wealthbridge on Plaintiff's behalf, but to no avail.  Id. at ¶22.  Venn had been formed as a means

to acquire Wealthbridge.  Id. at ¶6.  It does not have the sufficient assets to return the amount of

the pre-closing advance to Plaintiffs.  Id. at ¶21.

STANDARDS

On a motion to dismiss, the court must review the sufficiency of the complaint.  Scheuer

v. Rhodes, 416 U.S. 232, 236 (1974).  All allegations of material fact are taken as true and

construed in the light most favorable to the nonmoving party.  American Family Ass'n, Inc. v.

City & County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).  However, the court need

not accept conclusory allegations as truthful.  Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir.

1992).

In a motion to dismiss for failure to join a party under Rule 19, there is a two-step

analysis to determine whether a party should or must be joined.  Takeda v. Northwestern Nat'l

Life Ins. Co., 765 F.2d 815, 819 (9th Cir. 1985).  Under Rule 19(a)(1), the court must first

determine whether the party is necessary.  Id.  A party is necessary if

> (A) in that person's absence, the court cannot accord complete relief among
> existing parties; or (B) that person claims an interest relating to the subject of the
> action and is so situated that disposing of the action in the person's absence may
> (i) as a practical matter impair or impede the person's ability to protect the
> interest; or (ii) leave an existing party subject to a substantial risk of incurring
> double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(A)-(B).

If the party is necessary, but his joinder will destroy jurisdiction, then the court must

consider whether "in equity and good conscience" the action should proceed without his joinder.

Takeda, 765 F.2d at 819; see also E.E.O.C. v. Peabody W. Coal Co., 400 F.3d 774, 779 (9th Cir.

2005) (noting that whether a party is indispensable to an action involves "three successive

inquiries" with the first determining whether the absent party is "required," the second

determining the feasibility of joinder, and the third, if the absent party is required and cannot

feasibly be joined, whether "in equity and good conscience, the action should proceed among the

existing parties or should be dismissed."). Four factors are relevant to the indispensable inquiry:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). The analysis under Rule 19 is "a practical, fact-specific one, designed to

avoid the harsh results of rigid application." Dawavendewa v. Salt River Project Agric.

Improvement & Power Dist., 276 F.3d 1150, 1154 (9th Cir. 2002).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds"

of his "entitlement to relief" with nothing 'more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative

level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)[.]" Id. (citations and footnote omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted).  Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Id.</u> at 1950.  The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." <u>Id.</u>

DISCUSSION

Defendant Wealthbridge moves to dismiss (1) for failure to join a necessary party, with respect to all claims and (2) for failure to state a claim upon which relief can be granted with respect to claims one and two.

I.      Failure to Join a Necessary Party

Wealthbridge argues that Venn is a necessary party to this action because the basis of all the claims involves the relationship between Venn and Plaintiffs U.S.A. Fund and Stellone. Def.'s Memo. in Supp. of Mot. to Dismiss ("Memo to Dismiss"), 9.  Wealthbridge asserts that complete relief is not available without Venn and that Venn's interests will not be protected.  <u>Id.</u> at 9, 11.  In determining whether Venn is a necessary party, I will consider (1) whether complete relief can be accorded among the existing parties or (2) whether Venn claims a legally protected interest such that a decision in its absence will impair or impede its ability to protect that interest or expose Wealthbridge to multiple or inconsistent obligations.

A. Rule 19(a)(1)(A) - Complete Relief Among Existing Parties

The dispute concerns $650,000 of funds that was transferred from Plaintiffs to Venn, who then transferred the funds to Defendant.  Wealthbridge does not deny that it received the funds, nor does it explain why it is entitled to such funds.  Rather, Wealthbridge asks the Court to

5 - OPINION & ORDER

"infer" that it has a superior right to the funds over Venn based on that fact that it did not return the funds after a demand by Venn. Memo to Dismiss, 10. While that inference is within the realm of possibilities, I decline to make that inference without any factual basis. The issue is whether complete relief can be afforded between the *existing parties*–Wealthbridge, U.S.A. Fund and Stellone–without joining other parties who may also have an interest in the funds. <u>See</u> <u>Puyallup Indian Tribe v. Port of Tacoma</u>, 717 F.2d 1251, 1255 (9th Cir. 1983) (complete relief is possible without joinder of State even though State may challenge title of land in future); 4 Moore's Federal Practice - Civil § 19.03 (3d ed. 2011) ("'complete relief' clause does not contemplate other potential defendants"). Here, complete relief–the return of $650,000 if Wealthbridge is found liable–is possible between Plaintiffs and Defendants, even though Venn may also have an interest in the funds. Wealthbridge's argument against the possibility of complete relief is based on the premise that Venn could also have a claim to the funds in dispute. Memo to Dismiss, 10. The focus on Venn in that respect is misplaced. I find that Venn is not a necessary party under subsection (A) of Rule 19(a)(1) because complete relief is possible between the existing parties.

B.    Rule 19(a)(1)(B) - Absent Non-Party Claims an Interest

The second part of Rule 19(a)(1) examines whether the absent non-party claims an interest in the action. If the absent non-party claims an interest, then the court must examine clauses (i) and (ii) of the Rule to determine whether the non-party's ability to protect that interest is impaired or whether the existing parties are at risk of multiple or inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B)(i)-(ii). First and foremost, Venn is aware of the current litigation and has chosen not to pursue a claim for the $650,000 that it released to Wealthbridge. Decl. of Brian

Waliser in Supp. of Reply ("Waliser Decl.") ¶¶3, 8-10.  Brian Waliser, a managing member of

the entity that manages Venn declared (on behalf of Venn) that it recognizes U.S.A. Fund and

Stellone as the proper owners of the $650,000 in dispute and that it will not pursue any claim

against Wealthbridge if Plaintiffs are successful in this action.  Id.  "Where a party is aware of an

action and chooses not to claim an interest, the district court does not err by holding that joinder

was 'unnecessary.'"  Altmann v. Republic of Aus., 317 F.3d 954, 971 (9th Cir. 2002) (citing

United States v. Bowen, 172 F.3d 682, 689 (9th Cir. 1999)).  Because Venn is aware of this

action and has declared that it will not pursue a claim for the disputed funds, Venn is not a

necessary party under subsection (B) of Rule 19(a)(1).

Even if we were to assume *arguendo* that Venn claims an interest in the disputed funds,

Venn is not a necessary party because the subsections (i) and (ii) of Rule 19(a)(1)(B)are not met.

In other words, Venn's interests are not impaired or impeded, and neither parties would be

exposed to multiple or inconsistent obligations.  "Impairment may be minimized if the absent

party is adequately represented in the suit."  Makah Indian Tribe v. Verity, 910 F.2d 555, 558

(9th Cir. 1990).  There are three factors to determine whether a party is adequately represented:

(1) "'the interests of a present party to the suit are such that it will undoubtedly make all' of the

absent party's arguments"; (2) whether the party is "capable of and willing to make such

arguments"; and (3) whether the absent party would "offer any necessary element to the

proceedings" that the present parties would neglect.  Shermoen v. United States, 982 F.2d 1312,

1318 (9th Cir. 1992).  First, the basis for Plaintiffs and Venn's claims are the same against

Defendant because of the shared factual circumstances.  Venn has already declared that Plaintiffs

are the rightful owners of the disputed funds.  Venn and Plaintiffs make the same arguments

7 - OPINION & ORDER

against Defendant for the return of the disputed funds.  Second, Plaintiffs are capable of making

such arguments, as they are represented by counsel.  See Altmann v. Republic of Aus., 142 F.

Supp. 2d 1187, 1212 (C.D. Cal. 2001), aff'd, 317 F.3d 954 (9th Cir. 2002).  Third, Venn would

not offer any necessary element to the proceedings.  As stated above, the basis for Venn and

Plaintiffs' claims share the same factual circumstances.  In addition, Venn and Plaintiffs agree

that Plaintiffs should receive 100% of the disputed funds.

     Finally, with respect to multiple or otherwise inconsistent obligations, there is no risk for

either in this case.  Wealthbridge argues that it will be required to initiate its own action against

Venn in another forum if Venn is not found a necessary party.  Reply ISO Memo to Dismiss, 4.  I

do not see how this argument supports that Wealthbridge would be exposed to multiple or

inconsistent obligations, such that it would have to pay double or multiple obligations.  An

inconsistent obligation must not be confused with an inconsistent adjudication.  Altmann, 142 F.

Supp. 2d at 1212-13.  "'Inconsistent obligations occur when a party is unable to comply with one

court's order without breaching another court's order concerning the same incident.'"  NRDC v.

Kempthorne, 539 F. Supp. 2d 1155, 1190 (E.D. Cal. 2008) (quoting Delgado v. Plaza Las

Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998)).  Venn has not sued Wealthbridge for the disputed

funds.  Further, an action that determines ownership rights, as in the case here, does not expose

parties to inconsistent obligations.  See Altmann, 142 F. Supp. 2d at 1213 (citing Sindia

Expedition, Inc. v. The Wrecked and Abandoned Vessel Known as the Sindia, 895 F.2d 116 (3d

Cir. 1990).  In summary, I find that Venn is not a necessary party under Rule 19.

II.    Failure to State a Claim

     Wealthbridge moves to dismiss claims one and two for failure to state a claim.  Both

claims one and two seek to impose a constructive trust on the funds that Venn had released to Wealthbridge, though under the different theories of unjust enrichment and transfer of trust property. A constructive trust is not a substantive claim, but the remedy by which property is divested from an individual who has received that property "unjustly". Tupper v. Roan, 243 P.3d 50, 56 (Or. 2010). Here, the theories of unjust enrichment and transfer of trust property are the substantive claims that must be analyzed further to determine whether Plaintiffs have failed to state a claim.

To succeed on a claim of unjust enrichment, plaintiff must show that (1) the "property or a property interest that rightfully belongs to her was taken or obtained by someone else under circumstances that in some sense were wrongful or inequitable", (2) "the person who now possesses the property is not a bona fide purchaser for value and without notice", and (3) "establish, with 'strong, clear and convincing evidence,' that the property in the hands of that person, i.e., the property upon which she seeks to impose a constructive trust, in fact is the very property that rightfully belongs to her, or is a product of or substitute for that property". Id. at 58.

Applying the principal stated above, Plaintiffs have stated sufficient facts with respect to their unjust enrichment claim. Plaintiffs have alleged that the pre-closing advance of $650,000 was improperly released to Defendant, that they are the rightful owners to the disputed funds because the stock purchase failed to close, and that the funds remain in an account at Texas Captital Bank under Defendant's name. The pre-closing advance was only supposed to be used to secure a letter of credit. Compl. ¶13. Given that the stock purchase failed and that Plaintiffs have not alleged receiving anything in exchange for the $650,000 from Wealthbridge, the Court can infer that Wealthbridge was not a bonafide purchaser or gave value for the funds.

9 - OPINION & ORDER

Wealthbridge asks the Court to draw inferences that are favorable to Defendant.  That is not the standard on a motion to dismiss.  As pled in the complaint, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  <u>American Family Ass'n, Inc. v. City & County of San Francisco</u>, 277 F.3d 1114, 1120 (9th Cir. 2002).  I find that Plaintiffs' first claim for unjust enrichment has been sufficiently pled.

On the other hand, Plaintiffs' second claim, the transfer of trust property, is not a cause of action found in the Oregon statutes or the common law.  Plaintiffs reference a case in support of this theory, <u>Newton v. Pickell</u>, but I am not convinced that the "transfer of trust property" is a valid claim.  <u>Newton v. Pickell</u>, 269 P.2d 508 (Or. 1954).  In <u>Tupper</u>, the discussion of <u>Newton</u> is prefaced with the phrase "an examination of this court's *unjust enrichment cases*..." and references <u>Newton</u> as an example of using the constructive trust remedy in an unjust enrichment case.  243 P.3d at 57 (emphasis added).  The <u>Tupper</u> court classified <u>Newton</u> as an unjust enrichment case, and I agree.  Plaintiffs do not cite to any other case in support, nor is there any statutory basis for this second claim.  Therefor, claim two, the transfer of trust property, is dismissed for failure to state a claim.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

10 - OPINION & ORDER

CONCLUSION

Defendant Wealthbridge's motion to dismiss [#14] is granted in part and denied in part. The motion to dismiss based on the failure to join a necessary party is denied with respect to all claims, and the motion to dismiss based on a failure to state a claim is granted with respect to claim two.

IT IS SO ORDERED.

Dated this  9th        day of August, 2011

 /s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge

11 - OPINION & ORDER